May it please the court. James Lucas on behalf of Universal Electronics. UEI requests that the court reverse the board's decision finding claims 1 through 6 of the 684 app obvious in view of the Darby and Arling references. I'm going to make two arguments today that are also in our briefs. The first one is that the board's finding that the Darby and Arling combination suggests the limitation a memory storing an encrypted coded information is not supported by substantial evidence. And the second argument that the board's finding that the memory, the same limitation, would have been obvious under an obvious to try rationale is not supported by substantial evidence. Before I get into those arguments, I just really want to quickly talk about the claims at issue. The claims relate to the manufacturers of remote controls interest in keeping their code set information proprietary, confidential, and so therefore they're encrypted. So what you have here is you have a remote control with a microcontroller and a memory, and that memory is storing the encrypted code set information for an entire protocol, product, etc. And then what happens is... Is your argument that this is a newly proposed round? No, it's not. That's not. The argument is it's not supported by substantial evidence for the obvious to try. Mr. Lucas, this is Judge Taranto. Can I just check on something? Do I remember right that your application itself says that it was... I forget whether... I think maybe you used the word conventional, but it was recognized in the art that the manufacturers of the code sets, it's difficult for rivals to copy. I think that's correct, Your Honor. So that's part of the knowledge of one of ordinary skill in the art? I would say yes, sure. Someone would know that the manufacturers want to keep their code sets encrypted. Getting back to the invention, so you have these encrypted databases in the actual remote control, and what happens is when there's a press, the relevant code set is decrypted by the microcontroller and supplied in unencrypted form to the controlled device. That becomes important as we get into a couple of the two references. So the first argument is that the finding that the Darby and Arling combination suggests a memory storing in encrypted codes and information is not supported by substantial evidence. And that's based on... Our argument is based on two findings. It's based on the examiner's finding where over and over again the examiner says Darby does not disclose, or his teacher suggests, the relevant limitation. It doesn't disclose this memory storing in encrypted codes and information. And you can find that at appendix... So this is the primary reference. Darby does not teach it's encrypted. And then Arling teaches encryption, right? Well, hold on. But I'm just saying that the examiner's rationale... So the examiner says it, and that's in appendix 115 and appendix 113. You can see. I can show you. At appendix 113, Darby... I'm at the top of it. Darby does not recite or disclose literally the feature of storing encrypted codes and information in the memory. And that comes... The examiner says that often, I think, in the examiner's response and several other... And that's not disputed. That's not disputed. Agreed. And then we get to Arling. And the examiner throughout the prosecution fights us on whether Arling discloses this. And then right... So we have examiners saying Darby doesn't disclose it. Teacher suggests the limitation. And then you get to the board's decision. And we talk about Arling. And I'm at appendix 7. And right beginning at appendix 7, the board says, you know what? The examiner is wrong. Arling also does not disclose, teacher suggests, the storing... A memory storing encrypted codes and information. And that's at appendix 7 again. So now you have the two references involved in the combination. And you have the first reference. Undisputed. Darby doesn't disclose, teacher suggests the limitation. And then you have now the board in its decision saying the second reference. Arling also doesn't disclose, teacher suggests, the relevant limitation. And then, as we know, the board says, but the combination does suggest the relevant limitation. And we just think that cannot be supported by substantial evidence. That is inconsistent. Can you go down one more level of detail and just tell me what it is? What is it that the board is saying Arling does teach? Arling does teach some kind of encryption. So what is the kind of encryption that it teaches? So what Arling has is an encryption key. And so what that does is it encrypts a small portion of a frame and sends that out. So everything that's on the actual device is not encrypted, which is required by the claims. And it's just taking a small portion, not a code set, just a small portion of the frame, and encrypting that to send out. That's all it does. They call it an encryption key. And that's all Arling does. And as we see now, we have the examiner saying Darby doesn't do it, and now we have the board saying Arling doesn't do it. And then the board realizes it's in trouble here and says at appendix A, but the combination suggests it. And our position is that can't be right. You can't have two references that don't disclose, teach, or suggest the limitation and then say, but when you combine them, all of a sudden they disclose, teach, or suggest the limitation. And so we say that's not. Can I? Yes. This is just Toronto. Can I just ask? So the board at appendix page 7 uses a phrase that's a little odd at the end. It does not expressly disclose, teach, or suggest. The combination of expressly and suggest is a little odd, but in the context of the sentence with the italicization, the highlighting by the board of the, I guess, the claim language phrase, storing encrypted code set information perhaps should be understood to mean it's just making a very, very narrow point about what you don't find in Arling about that specific thing, but then you do find in Arling the teaching of an encryption key, which is it the examiner that said or the board or both that said is technically equivalent to the code set and, in any event, would immediately suggest that. Why is that not a coherent logic? Okay. Thank you, Judge Roger. To be clear, at appendix 7, this is the board actually citing UEI's argument in the appeal brief. Your first question about expressly disclose, I think it's expressly disclosed. I don't think that covers teach or suggest. But I do read that as the board saying it doesn't disclose teach or suggest the limitation. We agree with UEI. And then what Arling does, and I'll repeat what our argument is, it only stores an encryption key in a memory. There's no code set information, no complete code set information stored in a memory, just an encryption key. An encryption key is used to encrypt data. Here, just a small part of a data frame. And it's very clear, Arling says that. All you're doing is encrypting a small portion of a data frame, and then you're transmitting it out. That little data frame is now encrypted. That's completely different than what the claims require. They require storing the complete set of encrypted codes. And Arling doesn't even touch on that. They're just saying you're encrypting a portion of the data and transmitting it out. Here, in the claims, you have the encrypted code set that's in the memory, and then it's used, it's decrypted, and then sent out in a decrypted form. Very different. And so... This whole encryption business, that was well known in New York. If you're dealing with an encryption key to get to a data that's encryption or a data set encryption, it just seems to me that a person still in the art would have been well aware of that. I understand that. I agree with you that encrypting data is known in the art, but I do not agree that if you have two references... If you have an encryption key, why is it a leap to get to encryption data? Because they're completely different structures and items. It all involves encryption. Well, what's novel about the claim is that it's storing all of this code set data that's encrypted on the remote control in memory. Just saying something is just saying because we know about encryption that we can fill in that missing limitation, I think, is incorrect. Storing encryption data, why would that not have been obvious to try in this situation where encryption itself is activity that's well known in the art? Well, I mean... It's conventional at that point. I think we're getting... My understanding is that there's a little confusion. When I think of, well, does the... I think about is the limitation disclosed, harder suggested. I think that's one issue, and I think we've shown that that's not the case. Then we're getting into the obvious to try. I look at that as a rationale, but I think you actually have to show... You're looking for an express statement. Well, I think for the obvious to try, I look at that as much like a motivation to combine. It's the rationale to put everything together is what the board tried to do there at the end. To make up for the fact that they have now said none of the limitation is disclosed, that the relevant limitation is disclosure and the two references in combination. I think what they're saying, and tell me. I just want to tell you that, what I think, and you can tell me what you think I'm wrong. I think what they said is you've got one reference that teaches having code set information in a memory. You've got another reference that says if you want to keep things confidential, you can encrypt them and teaches how to do encrypt. Then they say it would have been obvious to use, to store in memory an encrypted code set instead of just a code set. It would have been obvious to try it. I think that's what they're saying. That would be your missing claim limitation that you're saying. Are they now... I don't agree with that. I don't think you can use the obvious to try rationale to just supply missing limitations. I don't think that's what you can do. Well, it's proposing a particular combination, right? It's saying one reference teaches storing a code set. Another reference teaches about encryption. So one and one of ordinary skill in the art would have been obvious to try encrypting that information stored in the memory, especially given the recognition in the patent itself and the background of the invention that manufacturers wanted to keep this information confidential. I generally agree with that. I think that's what the board was trying to do there. But I think that's after it had found that the limitation was not disclosed... The limitation was not disclosed, taught, and suggested by each reference. I mean, we now have that. What about when you combine the two references? But, see, that's the problem I have. I think we get it. Isn't that possible? You combine the two references and you get a combination that teaches a limitation. That is possible, but I don't think it's possible if both references don't... Why isn't that what we have here? But I don't think it's possible if both references, and there's not enough to show that both references don't disclose, teach, or suggest that limitation. I don't think you can come up with it if the actual limitation storing the encrypted codes and information in a memory is disclosed, taught, or suggested by each of the references individually. I don't think the board... It's the leap that now, when you combine them, it can be supported by substantial evidence. Can I just ask this, I think, version of a question? But I think what we're just talking about, if you had a single reference obviousness case and so the question was obviousness to modify, the obvious to try branch of the law could apply to that, and so you would not actually have any reference that itself shows a particular limitation. You would have something that would make it obvious to modify a single reference. Why isn't what's going on here with what the board said essentially that you have a combination of the two references, even if the two references put together don't expressly call for or point to the encrypting the whole code set? Together they make that obvious to try. Is that just a different theory? There's nothing doctrinally off about that in a proper case, right? So I think there's... I look at it as two different issues. I look at it as, well, can the combined reference suggest the limitation if they each do not disclose, teach, or suggest the limitation? And then the second issue is, okay... And we don't agree that the board can show that... We think that substantial evidence standard does not support that the references collectively can suggest the limitation. And then the second issue is, well, once you get there, I think you have to look... You go to the obvious to try rationale, and my point on the obvious to try rationale is it's just... It was a last-minute kind of addition to the board's decision, and it doesn't have what this court has said you need to show on an obvious to try rationale. Remember, earlier, the examiner had tried to do some type of motivation claim. The board just ignores that and then just decides to come up with obvious to try rationale, and that's not supported by the law on obvious just to try. Can you specifically... I'm sorry, just one question. What exactly is missing from the obvious to try? I just want... Is it that you're saying that it was raised too late, or, more specifically, are you saying that... No, I think, for example, what's required in that we cite to this Grunenthal case... Got it. Okay. I thought that's what you meant. Yeah, so that a design or market needs to solve a particular problem and that there are a finite number of identified predictable solutions, that would lead to a reasonable expectation of success. We don't think that's included in the board's decision either. I think I'm over, but... Yes, you are. Okay, sorry. Thank you. Good morning, Your Honors. May it please the Court. Substantial evidence supports the board's finding that the claimed invention is obvious over the combination of Darby and Arlen. And appellant counsel said on numerous occasions that the individual references do not suggest this limitation of a memory storing encrypted code set information. And the examiner in the board said that numerous times. But that's actually not correct. What happened here was that they're saying it is not explicitly or literally disclosed in the reference, but that Arlen, in fact, suggests the use of encrypting code set information. And I think Judge Toronto hit on... The examiner specifically talks about technologically... I'm sorry, technically equivalent. And if you look, for example, at APPX-7 in the board decision, after it quotes the appellant, it says, but our reviewing court emphasizes that the question... I'm skipping a few words here. It's not merely what the reference expressly teaches, but what they would have suggested. And then when you go further down, it sort of talks about what the references do. And on the top of APPX-08, it says Arlen's use of encryption keys in the operation of a remote control device suggests the use of encrypting code set data that is stored in a remote control memory. So the examiner and the board are relying on Arlen as the suggestion. Darby has the memory with unencrypted code set information. Arlen has the use of these encryption keys. You put them together, and the combination teaches this limitation that is at issue here. What about... That last bit is, I think, a little different from what I thought you were suggesting, unless you meant when you used the word teaches in the combination to include the concept of suggest. Yes, I misspoke, Your Honor. Okay. What I'm saying is the combination suggests that limitation. My apologies. And so once the examiner and the board found that there was this suggestion in the references, it then looked to what is the motivation to combine these references. Well, first, starting with the fact that this is well-known in the art to encrypt information to keep it secure, and that Arlen itself talks about also... I'm sorry, the claimed invention and Arlen talk about the fact that it's well-known in the art. The board gave numerous reasons for motivation. It talked about that it would yield predictable results because these are known elements. It talked about obvious to try. And then within that, it made the point that this is a structural claim limitation. And the only thing that's different is the type of data that is being stored. And that wouldn't necessarily change the fact... It's still obvious to have a different type of data stored in this apparatus claim, for example. And so this notion that obvious to try is somehow false, we disagree with. But even if this court were to disagree with the PTO, there are still other reasons of motivation, yielding predictable results, and the fact that this is an apparatus claim, and the only difference is the type of data that is being stored. And that's not really relevant to whether or not there's an obvious finding here. One of the arguments that's being made today on appeal is that the board's obvious to try rationale suffers from explanation. It doesn't identify the design need or market pressure, and it doesn't show that there's a finite number of identified predictable solutions. How do you respond to that? So the references themselves sort of talk about the problem of securing, the problem being that you need to secure data, and talks about the market need and the design analysis is the fact that people recognize that this needs to be done. I agree that the board didn't make... When you say people need this to be done, what do you mean? I'm sorry, encrypting... I'm sorry, that was a little loose with my language. Recognizing that encryption of this information to secure the information is required, right? If you want to have... If you have proprietary information from these manufacturers, they want to make sure that that is secure, and so that in order to do that, you have to encrypt the information. That's laid out within the references. I do agree that the board decision doesn't repeat that, but the board is basically pointing to the references and saying the motivation is in the references themselves, and that is in there, this notion of what is the problem with design and market need. As for this idea of finite number, the board does talk about the fact that there's only two things you can do. You can have encrypted data or you can have non-encrypted data. That's the finite number. There's no in between, so I disagree. What about finite number of different ways to solve the problem of securing the data? Well, it's to solve the problem of securing the data within the realm of what we're considering here, and that is whether or not you have a remote control that has data being protected within... Do I remember correctly that the primary reference has the code set in an instruction booklet or something that is encrypted? It is encrypted, actually. It's encrypted. But it's in an instruction booklet. It's not in the memory, so that's why we examined... Well, I mean, that's one solution, right? To have it somewhere else, but it's still encrypted. It's still the binary thing of encrypted versus non-encrypted, and so that is in there in the board decision, and the board talked about that, so we disagree with the appellant that there's something wrong with the obvious-to-try analysis, and so the PTO would argue that substantial evidence supports the board's finding, and we ask that this court affirm the decision. And if you have no further questions, I'll yield my time. Okay. Thank you. Thank you. We'll restore three minutes. Thank you, Your Honor. Just a couple of things. There was reference to Appendix 7 and 8, the board's decision, and I think that shows there's another reason for why this decision is not supported by substantial evidence, because we already talked about the top of Appendix 7, where the board says Arling doesn't expressly disclose teacher-suggest, the relevant limitation, and then in Appendix 8 now it's saying Arling does suggest the use of encrypting code set data that is stored in a remote-controlled memory, entirely inconsistent. The point is you have to find this limitation somewhere, and we have two references that don't disclose teacher-suggested, and the board has not shown that they're suggested as a combination. UBI also referenced the case University of Strathclyde, and I think there's a similar holding there. This is 17-F-4-155. I'm just going to read one of the points, because I think it's relevant, and I'm at 161, and the court says, Given neither Ashkenazi nor Nitzen teaches or suggests inactivation of any bacteria without using a photosynthesizer, we fail to see why a skilled artisan would opt to entirely omit a photosynthesizer when combining these references. What I like about this case is it delves into the same issues. You have two references. They both don't disclose teacher-suggested, the limitation, and the court's saying why all of a sudden, when you combine them, would... You agree, though, that's a case-by-case termination, right? In some proposed combinations, it is obvious that it would be in there when the combination's proposed. Like our case law, for example, in the Fleming case, stands for that proposition, that sometimes when you do make the combination that's proposed by the examiner or the advocate or whoever, it's there, but in this particular one, in this University of Strathclyde, I guess it wasn't. So it's really a factual question, right? Whether the proposed combination would disclose the missing limitation. I agree, and I think it's even stronger here because you have the examiner saying one reference doesn't do it, and now you have the board saying the other reference doesn't do it. And so how do you get to, when you combine them, now they suggest it? That's it. I don't have anything further. Thank you. If you think the public heard your argument, we'll take that case under advisement.